368 July 8, 2026 No. 644

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTIAN DANIEL FITZ-HENRY,
aka Christian Daniel Henry Fitz,
aka Christian Daniel Henry Fitzhenry,
aka Christian Daniel Fitz Henry,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR02061; A184440

Katharine von Ter Stegge, Judge.

Submitted June 18, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

AOYAGI, P. J.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted after a jury trial of first-degree robbery with a firearm, ORS 164.415 (Count 2), and felon in possession of a firearm (FIP), ORS 166.270 (Count 4). He was acquitted of second-degree murder with a firearm, ORS 163.115 (Count 1), and unlawful use of a weapon with a firearm, ORS 166.220 (Count 3). On appeal, he raises seven assignments of error. As explained below, we affirm the FIP conviction, but we reverse and remand for a new trial on the robbery charge.

*Facts.* In 2021, defendant and Clement allegedly went to J's home to rob him, an incident that ended with J shooting and injuring defendant and either Clement or defendant shooting and killing J. Clement was convicted of robbery and manslaughter after entering into a plea agreement with the state. Defendant was charged with second-degree murder on a felony-murder theory, plus the other counts. At defendant's trial, Clement refused to testify and refused to even be sworn in.

*Clement's judgment of conviction.* In his first assignment of error, defendant contends that the trial court erred in ruling that Clement's judgment of conviction was admissible despite his refusal to testify because it was non-testimonial. Defendant argues that it violated his Sixth Amendment right to confrontation to admit Clement's judgment of conviction to show that the robbery occurred. The state concedes the error, acknowledging that the United States Supreme Court addressed a similar situation in *Kirby v. United States*, 174 US 47, 54-55, 19 S Ct 574, 43 L Ed 890 (1899). That concession is well taken. Accordingly, we reverse the first-degree robbery with a firearm conviction and remand for a new trial on Count 2. We agree with the state, however, that the error was harmless as to the FIP conviction. *See State v. Norby*, 218 Or App 609, 620, 180 P3d 752 (2008) (federal standard for harmlessness).

*Questioning of Clement.* In his second and third assignments of error, defendant contends that the trial court erred by permitting the state to present information to the jury through leading questions to Clement, after Clement

refused to testify, and by permitting the state to question Clement in front of the jury after he refused to take the oath. The state has not addressed the second and third assignments of error, except to say that it is unnecessary for us to address them given our disposition of the first assignment of error. Defendant has not countered that position. Because it is unclear how likely it is that this issue will arise again on remand at a new trial, and given the briefing before us, we decline to address the second and third assignments of error.

*Denial of mistrial.* In his fourth assignment of error, defendant contends that the trial court erred when it denied his motion for a mistrial. Defendant moved for a mistrial after his girlfriend mentioned in her testimony that defendant had "done a lot of jail time" and "been locked up since he was younger." The trial court denied the motion, explaining that the testimony was not so prejudicial as to deny defendant a fair trial. The court offered to provide a curative instruction, but defendant preferred that none be given. Having already reversed the robbery conviction, we reach this assignment of error only because it could affect defendant's FIP conviction. We review the denial of a mistrial for abuse of discretion. *State v. Osorno*, 264 Or App 742, 747, 333 P3d 1163 (2014). We agree with the state that the court did not abuse its discretion in denying a mistrial. On this record, the statement did not deprive defendant of a fair trial.

*Sentencing.* In his fifth assignment of error, defendant contends that the trial court erred in imposing the "gun minimum" on Count 4 instead of Count 2. Because defendant will be resentenced, we do not address that claim of error.

*Demurrer to FIP charge.* In his sixth assignment of error, defendant contends that the trial court erred when it denied his demurrer to the FIP charge. That demurrer was based on the FIP statute violating the Second Amendment to the United States Constitution. Defendant acknowledges that his claim of error is foreclosed by *State v. Parras*, 326 Or App 246, 257, 531 P3d 711 (2023), *rev dismissed as improvidently allowed*, 373 Or 284 (2025), and raises it only

to ensure that he receives the benefit of any change in the law during the pendency of his appeal. There has been no such change in the law at this point, so we reject the sixth assignment of error.

*Jury instruction.* In his seventh assignment of error, defendant contends that the trial court plainly erred when it instructed the jury, "Generally, the testimony of any witness whom you believe is sufficient to prove any fact in dispute." Defendant did not object to that instruction and therefore requests plain-error review. *See* ORAP 5.45(1) (allowing for discretionary review of "plain" errors); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (an error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences). Having already reversed the robbery conviction, we consider the seventh assignment of error only as it pertains to the FIP conviction. The trial court did not plainly error in giving the instruction at issue. In *State v. Avalos-Lezama*, 346 Or App 604, 606-07, 585 P3d 1133 (2026), the defendant challenged the same jury instruction, making essentially the same argument as defendant in this case, except in a preserved posture, and we held that the instruction was not erroneous. We therefore reject the seventh assignment of error.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.